IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ERIC LAMONT SLATER, # 77049**                                                                 **PLAINTIFF**

**V.**                                                                **CAUSE NO. 2:24-cv-99-KS-MTP**

**TRAVIS W. BRELAND, JOSEPH
KENNEDY, and SHELDON LOWE**                                                                 **DEFENDANTS**

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Plaintiff Eric Lamont Slater filed this action against several Task Force Officers of the U.S. Drug Enforcement Administration ("DEA") alleging that they searched his home without a warrant after forcing him to sign a consent to search form under duress. Additionally, Slater alleges one of the agents forced him to unlock his cellphone so the agent could store his contact information in the phone. Slater alleges the search of his home, and the unlocking of his phone, violated his Fourth Amendment rights, and he asserts an implied cause of action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the Task Force Officers. Slater's allegations, however, are insufficient to state a claim under *Bivens* and should therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

### FACTUAL BACKGROUND

On July 14, 2021, Task Force Officers Travis Breland, Joseph Kennedy, and Sheldon Lowe, along with other federal agents, were conducting surveillance of Slater's home after receiving a report that Slater was in possession of a large quantity of ecstasy pills. Exhibit 1 to Slater's Response to Court Order issued 03/24/25 [14-1] at 1 (¶ 2). The home that day was occupied by Slater and his girlfriend, Kimberly Powe. Complaint [1] at 5.

1

At some point, Slater walked outside the house to get in his car and was met by DEA Special Agent Mark Mitchell. *Id.* at 4-5.[1] What happened next is in dispute. According to the federal agents, Slater had a conversation with Mitchell during which Slater admitted to being a convicted felon, and he said he had marijuana and a gun inside the house. Exhibit 1 to Slater's Response to Court Order issued 03/24/25 [14-1] at 4 (¶ 9). According to Slater, he told Mitchell there was no marijuana in the house. Attachment to Complaint [3] at 1 (¶ 1). Slater also alleges he advised agents that Powe was inside the house. Complaint [1] at 5.

During this same conversation, agents asked Slater if he would sign a form consenting to the search of his home. Complaint [1] at 5. According to Slater, he initially refused, but one of the agents, Lowe, took Slater's keys out of his car door and used them to open the front door to the house, startling Powe who was inside. Attachment to Complaint [3] at 2 (¶ 3).

After some discussion with the federal agents, Slater and Powe both signed a form consenting to the search of the home. Attachment to Complaint [3] at 2-3 (¶ 4); Exhibit 1 to Slater's Response to Court Order issued 03/24/25 [14-1] at 4 (¶ 10); Consent to Search (Exhibit A)[2]. Slater alleges he only signed the consent from because Kennedy told Slater agents would take Slater and Powe to jail and would "mess [the] house up" if he did not consent and agents were forced to get a warrant to search the home. Complaint [1] at 6; Response to Court Order issued 03/24/25 [14] at 1-2.

After the consent was signed, Slater alleges agents, including Lowe, Kennedy, and Breland, searched the home. Response to Court Order issued 03/24/25 [14] at 1-2. During the search, several

---

[1] Slater initially named Special Agent Mitchell as a defendant in this lawsuit, but he later dismissed the claims against Mitchell after admitting that Mitchell did not search his home. *See* Slater's Response to Court Order issued 03/24/25 [14] at 2.

[2] This form is considered part the pleadings because it is referenced by Slater in his complaint and is central to his consent to search claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

2

pills were found, including 798 units of what was later confirmed to be methamphetamine. Exhibit 1 to Slater's Response to Court Order issued 03/24/25 [14-1] at 8.

Before leaving, Slater claims that Breland "took [Slater's] phone," "made [Slater] unlock it," saved Breland's contact information in the phone, and told Slater he would "be in touch." Attachment to Complaint [3] at 3 (¶ 5).

Slater subsequently filed this *Bivens* action alleging Breland, Kennedy, and Lowe violated his Fourth Amendment right by searching his home without a warrant. Response to Court Order issued 03/24/25 [14] at 1-2. Slater also alleges Breland's "taking" of Slater's phone to put Breland's contact information in it constituted a separate Fourth Amendment violation. *Id.* at 1.

## ARGUMENT

In *Bivens*, the Supreme Court "broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." *Hernandez v. Mesa*, 589 U.S. 93, 99 (2020). The Court held for the first time that federal law enforcement officials acting under color of federal law could be sued for money damages, despite the absence of a statutory cause of action, in a situation where the officials arrested a person at home and searched the home "from stem to stern" without a warrant. *Bivens*, 403 U.S. at 389. Within the 10 years following *Bivens*, the Court recognized "an implied cause of action" in two other cases against federal officials involving other constitutional violations. *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). The first was a damages remedy for an alleged Fifth Amendment due process violation involving gender discrimination by a Congressman in *Davis v. Passman*, 442 U.S. 228 (1979), and the second was an Eighth Amendment claim based on failure to provide vital medical care to a federal prisoner, resulting in the prisoner's death in *Carlson v. Green*, 446 U.S. 14 (1980).

3

In the nearly half a century since *Green* was decided, the Supreme Court has "consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez*, 589 U.S. at 102; *see also Abbasi*, 582 U.S. at 135 (collecting cases). And as the Fifth Circuit has recognized, *Bivens* claims are generally limited to the precise circumstances of *Bivens*, *Davis*, and *Carlson*. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). "[V]irtually everything else is a 'new context'" for which an extension of *Bivens* is disfavored. *Id.* (quoting *Abbasi*, 582 U.S. at 148). A context is "new" if it is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Hernandez*, 589 U.S. at 102 (quoting *Abbasi*, 582 U.S. at 139). The bar for a meaningful difference was recently described by the Fifth Circuit as "exceedingly low," *Pole v. Shearer*, No. 23-60368, 2024 WL 2814506, at *2 (5th Cir. June 3, 2024), and the Supreme Court has held that a case "might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider," *Abbasi*, 582 U.S. at 139-140.

Slater's case presents a "new context" under these parameters, and it should be dismissed for failure to state a claim. *Davis* or *Carlson* are easily distinguishable from this case as Slater's complaint involves no allegations of a Fifth or Eighth Amendment violation. And, although Slater, like the plaintiff in *Bivens*, alleges a Fourth Amendment violation, the facts alleged by Slater are vastly different from those alleged in *Bivens*, making them a "new context" for which *Bivens* liability is disfavored.

Unlike the plaintiff in *Bivens*, Slater was not arrested, nor was he manacled in front of his wife and children or subjected to a visual strip search. *See* Slater's Response to Court Order issued

4

03/24/25 [14] at 1 ("I was not arrested."); Complaint [3] at 3 (¶ 3) (stating that the defendants "left without arresting me"); *Bivens*, 403 U.S. at 389. These facts alone are sufficient to deem Slater's claim a "new context" that cannot be pursued under *Bivens*. *Pole*, 2024 WL 2814506, at *3 (affirming the dismissal of a *Bivens* claim where the plaintiff was not manacled in front of his family). Additionally, unlike the search in *Bivens*, the search of Slater's home was conducted only after he and Powe signed a consent form, and there is no allegation that the home was searched "from stem to stern" as was the case in *Bivens*. 403 U.S. at 389. Slater alleges Lowe initially used a key to enter the home before the consent form was signed, but even that allegation is meaningfully different from the one at issue in *Bivens* where a full home search was conducted without a warrant and the plaintiff was manacled. Finding an implied cause of action based on these facts would, therefore, be extending *Bivens* beyond its current bounds.

The same is true for Slater's allegation based on Breland's alleged "taking" of Slater's cell phone. Slater's allegation that that Breland had him unlock his phone so that Breland could store his contact information in it is significantly different from the allegations of *Bivens* which involved the search of a home "from stem to stern." 403 U.S. at 389. In short, the allegations of both the search of the home and the unlocking of the cell phone implicate new contexts for which a finding of *Bivens* liability is disfavored.

Furthermore, as the Supreme Court reiterated in *Egbert v. Boule,* "a court may not fashion a *Bivens* remedy" against federal officials "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" 596 U.S. 482, 493 (2022) (quoting *Abbasi*, 582 U.S. at 137). The Federal Tort Claims Act ("FTCA")[3] presents just such an alternative remedy. Slater could have asserted tort claims against the United States under the FTCA based on the same set of facts alleged in his Complaint. He chose not to do so, but the fact remains that the option was

---

[3] 28 U.S.C. § 2671, *et seq.*

5

available to him. The availability of the remedy alone is reason enough to rule that a *Bivens* liability does not lie. Moreover, as the Fifth Circuit has repeatedly recognized, to the extent Congress decided not to waive sovereign immunity to allow an FTCA claim to proceed on some or all of Slater's allegations, its decision not to do so is one that should not be disturbed by creating a non-statutory cause of action that Congress has not authorized. *Oliva*, 973 F.3d at 444; *Pole*, 2024 WL 2814506, at *3. Accordingly, Slater's *Bivens* claims should be dismissed. *Oliva*, 973 F.3d at 444; *Pole*, 2024 WL 2814506, at *4.

## CONCLUSION

Slater's Complaint fails to state a claim upon which relief can be granted. The facts of his case do not implicate *Bivens* liability, and there is no basis for extending liability to cover his Complaint. Accordingly, the case should be dismissed with prejudice.

Date: July 8, 2025

Respectfully submitted,

PATRICK A. LEMON
*Acting United States Attorney for the*
*Southern District of Mississippi*

*s/ James E. Graves, III*
James E. Graves, III
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone:	(601) 965-4480
Facsimile:	(601) 965-4032
Email:	James.Graves@usdoj.gov
MS Bar No.	102252

Counsel for Defendants

6

## CERTIFICATE OF SERVICE

I, James E. Graves, III, Assistant U.S. Attorney, hereby certify that, on July 8, 2025, I served via U.S. mail a copy of the above and foregoing document, to the following:

Eric Lamont Slater, MDOC #77049
S.M.C.I. 2, A2, A Zone, Bed 30
P.O. Box 1419
Leakesville, MS 39451

*Pro Se* Plaintiff

*s/ James E. Graves, III*
James E. Graves, III
Assistant United States Attorney
